# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 25, 2013

Lyle W. Cayce
Clerk

No. 12-60947
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANGELA PRESLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:12-CR-2-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Angela Presley was convicted by a jury of wire fraud in violation of 18 U.S.C. § 1343, access device fraud in violation of 18 U.S.C. § 1029(a)(2), and aggravated identity theft in violation of 18 U.S.C. § 1028A. She was sentenced to an aggregate prison term of 30 months to be followed by three years of supervised release.

Presley challenges the sufficiency of the evidence to support her convictions. Her convictions for aggravated identity theft and wire fraud stem

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from her unauthorized submission of an online application for a credit card from Capital One in the name of her employer, Pam Powers. Her conviction for access device fraud stems from her use of the Capital One credit card as well as Powers's Chase Platinum Visa card and Powers's Providian Visa card to pay for personal expenses. It is undisputed that Presley had authority to use the Chase Platinum Visa and Providian Visa cards to pay for expenses related to Powers's real estate brokerage.

The sufficiency argument presented by Presley is based solely on the fact that there was conflicting trial testimony regarding whether she was authorized to apply for and use the Capital One credit card and whether she exceeded the scope of her authority by using the Chase Platinum Visa and Providian Visa credit cards for personal expenses that had not been approved by Powers. Powers's trial testimony was that she never gave Presley such authority. Among other things, the fact that Presley had the statements for the Capital One and Providian Visa credit cards mailed to her home address supports Powers's testimony and undercuts Presley's claim to authority. The issue here boils down to one of credibility. "[I]t was within the sole province of the jury as the fact finder to decide the credibility of the witnesses and to choose among reasonable constructions of evidence." *United States v. Zuniga*, 18 F.3d 1254, 1260 (5th Cir. 1994). A rational juror viewing the trial evidence in the light most favorable to the prosecution could have found the essential elements of each of the crimes in this case beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Accordingly, Presley's convictions will be upheld.

Next, Presley argues that trial counsel was ineffective in that he failed to file any pretrial motions, motions in limine, or objections to the presentence report. She argues that he also should have moved for a mistrial based on out-of-court communication among witnesses about their testimony. "[T]he general rule in this circuit is that a claim for ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district

court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted).  Because we conclude that "we cannot fairly evaluate the claim[s] from the record," we decline to consider Presley's ineffective assistance of counsel claims on appeal without prejudice to her right to raise the claims in a timely 28 U.S.C. § 2255 proceeding.  *See United States v. Gulley*, 526 F.3d 809, 821 (5th Cir. 2008).

AFFIRMED.